[Cite as *In re Dunn*, 2009-Ohio-7220.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: LISA J. DUNN


LISA J. DUNN

      Applicant


Case No. V2008-30961

Commissioners:
Thomas H. Bainbridge, Presiding
Karl C. Kerschner
Lloyd Pierre-Louis

ORDER OF A THREE-
COMMISSIONER PANEL

---

{1}On March 19, 2008, the applicant, Lisa Dunn, filed a compensation application as a result of a felonious assault which occurred on September 14, 2007. On August 21, 2008, the Attorney General issued a finding of fact and decision determining that the applicant met the necessary jurisdictional requirements to receive an award of reparations and granting the applicant an award in the amount of $590.26. On September 11, 2008, the applicant submitted a request for reconsideration. The applicant asserted she incurred unreimbursed prescription expenses, medical bills, and the cost of a shower curtain that needed to be replaced as the result of the criminally injurious conduct. On November 10, 2008, the Attorney General rendered a Final Decision recognizing that the applicant incurred $15.50 for crime scene cleanup - replacement of the shower curtain - however, this award could not be issued since R.C. 2743.191(B) requires awards must equal or exceed $50.00 or they cannot be paid. Finally, prescription and medical expenses should have been reimbursable from Medicaid, a readily available collateral source. On November 28, 2008, the applicant filed a notice of appeal from the November 10, 2008 Final Decision of the Attorney

General. Hence, a hearing was held before this panel of commissioners on November 4, 2009 at 10:45 A.M.

{2}Applicant's attorney Kimberley Wells appeared at the hearing while Assistant Attorney General Janean Weber represented the state of Ohio.

{3}The sole issue presented to the panel was whether the applicant failed to unreasonably avail herself to a readily available collateral source which could have paid her prescription expenses and medical bills.

{4}Attempts were made to contact the applicant via telephone. Numbers (937) 278-0840, (937) 278-3690 and (937) 278-0827 were called but the applicant was unable to be reached. Applicant's counsel determined it appropriate to proceed notwithstanding the applicant's unavailability. Ms. Wells introduced Applicant's Exhibit 1, an ambulance bill from the City of Dayton which revealed that the bill had been paid by Medicaid, and Applicant's Exhibit 2, an Individual Eligibility History.

{5}The Attorney General called Rick Thompson, an economic loss investigator with the Attorney General's office, to testify. Mr. Thompson related he worked on the case at bar and made inquiries into the applicant's eligibility for Medicaid coverage. The witness was presented with State's Exhibits A and B. Based upon these documents, Mr. Thompson testified that the applicant had applied for Medicaid coverage, was initially eligible for such coverage from August 1, 2007 through April 30, 2008, and on November 13, 2007 the Ohio Department of Job and Family Services backdated her coverage to February 1, 2007. Finally, Mr. Thompson asserted documentation of this backdated coverage was mailed to the applicant on November 14, 2007.

{6}Upon cross-examination, the witness was shown an Individual Eligibility History dated July 30, 2009. He testified this document indicated the applicant was ineligible for medical assistance from September 18, 2007 through October 1, 2007. Also, Mr. Thompson conceded that one cannot be eligible for both Medicaid and the Hospital Care Assurance Program at the same time. Furthermore, he stated he had no personal knowledge of the notice the applicant may have received concerning the retroactive Medicaid coverage. Finally, with the exception of the City of Dayton

ambulance bill he was unaware of which other medical bills were paid by Medicaid. State's Exhibits A and B and Applicant's Exhibit 1 and 2 were admitted into evidence without objection.

{7}In closing, the applicant asserts that notice of eligibility was not received. Furthermore, applicant's counsel maintained it is the Attorney General's burden to prove that the applicant unreasonably failed to utilize those benefits. Documentation indicates that Wright State Physicians, Good Samaritan Hospital, and the City of Dayton knew the applicant had Medicaid coverage. However, there is no information presented to prove that other medical providers knew she had coverage. The applicant contends medical providers were notified of Medicaid coverage but cannot explain why some submitted their bills to Medicaid and others did not. However, the applicant's counsel asserted the Attorney General has not established that the applicant acted unreasonably.

{8}The Attorney General argues that the documentation previously introduced establishes that notice was mailed to the applicant on November 14, 2007, which backdated Medicaid coverage to February 1, 2007. The applicant met face-to-face with a case worker in April 2008, which presented another opportunity for notice. Furthermore, the Attorney General, through its finding of fact and decision, presented notice to the applicant that she had Medicaid coverage. The Attorney General's position is that the applicant was notified repeatedly and unreasonably failed to use a readily available collateral source, Medicaid. Whereupon, the hearing was concluded.

{9}R.C. 2743.60(D) in pertinent part states:

"(D) The attorney general, a panel of commissioners, or a judge of the court of claims shall reduce an award of reparations or deny a claim for an award of reparations that is otherwise payable to a claimant to the extent that the economic loss upon which the claim is based is recouped from other persons, including collateral sources."

{10}R.C. 2743.60(H) states:

"(H) If a claimant unreasonably fails to present a claim timely to a source of benefits or advantages that would have been a collateral source and that would have reimbursed the claimant for all or a portion of a particular expense, the attorney general, a panel of commissioners, or a judge of the court of claims may reduce an award of reparations or deny a claim for an award of reparations to the extent that it is reasonable to do so."

{11}The Attorney General bears the burden of proof by a preponderance of the evidence with respect to the exclusionary criteria of R.C. 2743.60(D) and (H). *In re Williams*, V77-0739jud (3-26-79); and *In re Brown*, V78-3638jud (12-13-79).

{12}Black's Law Dictionary Sixth Edition (1990) defines preponderance of the evidence as: "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not."

{13}Black's Law Dictionary Sixth Edition (1990) defines burden of proof as: "the necessity or duty of affirmatively proving a fact or facts in dispute on an issue raised between the parties in a cause. The obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court."

{14}From review of the case file and upon full and careful consideration of all the information and testimony presented at the hearing, we find the Attorney General has failed to meet its burden of proof with respect to R.C. 2743.60(H). We reach this conclusion based on several factors. First, the applicant experienced a horrendous assault, where her husband attacked her with a baseball bat while she was asleep. Not only did she experience physical trauma but was diagnosed with major depressive disorders, which included anxiety, anger, paranoia, isolation, low self-esteem, sleep and appetite disturbance; post traumatic stress disorder and aggravation of Steven Johnson Syndrome, a potentially deadly skin disease. The applicant's psychological problems made her a less than ideal candidate to handle a variety of medical providers and the

management of Medicaid and HCAP.   Second, it is clear that some medical providers, namely the City of Dayton, Good Samaritan Hospital and Wright State Physicians, learned that the applicant was covered under Medicaid.   Accordingly, they must have been informed of Medicaid coverage by the applicant.   However, it was never established that the applicant failed to inform other providers of her Medicaid coverage. Finally, it is unclear what the notice from the Department of Job and Family Services actually stated concerning the backdating of the applicant's Medicaid coverage. Therefore, based on the foregoing and the confusing nature of the evidence, we cannot find by a preponderance of the evidence that the Attorney General has satisfied its burden.   Hence, the November 10, 2008 decision of the Attorney General is reversed.

IT IS THEREFORE ORDERED THAT

{15}1)   Applicant's Exhibits 1 and 2 are admitted into evidence;

{16}2)   State's Exhibits A and B are admitted into evidence;

{17}3)    The November 10, 2008 decision of the Attorney General is REVERSED and judgment is rendered in favor of the applicant;

{18}4)   This claim is remanded to the Attorney General for calculation of economic loss and payment;

{19}5)   This order is entered without prejudice to the applicant's right to file a supplemental compensation application, within five years of this order, pursuant to R.C. 2743.68;

{20}6) Costs are assumed by the court of claims victims of crime fund.

_____
THOMAS H. BAINBRIDGE
Presiding Commissioner


_____
KARL C. KERSCHNER
Commissioner


_____
LLOYD PIERRE-LOUIS
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2009\Nov-Dec 2009\V2008-30961 Dunn.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Montgomery County Prosecuting Attorney and to:

Filed 12-11-09
Jr. Vol. 2274, Pgs. 66-71
Sent to S.C. Reporter 9-30-11